IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JOSEPH EMERSON FOWLER, II**

    **Plaintiff,**

v.                                                **Case No. 2:17-cv-04487**

**SRG RAINES,**
**NITRO POLICE DEPT.,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2); Defendants' Motion to Dismiss Complaint, (ECF No. 17); and Defendants' Supplemental Motion to Dismiss Complaint, (ECF No. 20). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Dismiss and Supplemental Motion to Dismiss, (ECF Nos. 17, 20), be **GRANTED**; the complaint be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1.; and that this action be removed from the docket of the Court.

1

## I.  **Relevant History**

On December 7, 2017, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs and the Complaint herein, alleging that the defendants arrested him under false pretenses and charged him with a crime he did not commit, causing him to be jailed and resulting in the loss of his job. (ECF No. 2 at 4). Plaintiff sought monetary compensation for his lost wages, pain, and suffering. After Plaintiff corrected some deficiencies in his Application, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* and ordered summonses to be issued and served on the defendants. (ECF No. 7). In the Order, Plaintiff was reminded of his obligation to keep the Clerk of Court advised of any changes in his address. (Id. at 2). According to the docket, Plaintiff, who was then incarcerated at the Western Regional Jail, received a copy of the Order. Process was served, and the defendants filed an Answer to the Complaint on April 13, 2018. (ECF Nos. 10, 11, 12).

On May 7, 2018, the undersigned entered an Order scheduling the case for an initial status conference. The undersigned arranged for Plaintiff to participate by videoconference from the Western Regional Jail. (ECF No. 13). The conference occurred without incident and included a discussion of the case and the discovery process. A Scheduling Order was entered the same day—May 16, 2018. (ECF No. 15). Once again, Plaintiff was reminded of his duty to notify the Clerk of Court of any change in his address or contact information. (*Id.* at 2). According to the docket, this Order was mailed to Plaintiff and apparently was received.

On November 13, 2018, Defendants filed a Motion to Dismiss for failure to prosecute. (ECF No. 17). Defendants indicated that they had tried to serve Plaintiff with discovery requests shortly after the status conference, but he had been released from

custody. Accordingly, Defendants made alternate attempts to serve Plaintiff at various locations where he was thought to reside, but those efforts were unsuccessful. (*Id.* at 2). Defendants pointed out that Plaintiff had made no effort to comply with the Local Rule that required him to keep the Court and the opposing parties aware of his current contact information. Defendants noted that Plaintiff had done nothing to pursue his claims; therefore, they asked for a dismissal of the Complaint, with prejudice. The following day, the undersigned entered an Order notifying Plaintiff of his right to respond to the motion, but the Order was returned as undeliverable and "unable to forward." (ECF Nos. 19, 21).

On November 21, 2018, Defendants filed a Supplemental Motion to Dismiss, advising the Court that a recent newspaper article confirmed Plaintiff's presence in Kanawha and Putnam counties. (ECF No. 20). Defendants argued that notwithstanding his presence in this jurisdiction, Plaintiff had entirely failed to update the Clerk of Court as to his whereabouts and had failed to prosecute his case. Defendants reiterated their request that the Complaint be dismissed for failure to prosecute.

Nearly five additional months have passed since Defendants filed their Supplemental Motion, with no communication from Plaintiff. He has not provided an update of his contact information, nor has he communicated in any fashion with the Court. Indeed, the last contact Plaintiff had with the Court was his presence at the status conference nearly one year ago, and his current whereabouts are unknown.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to

avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. [1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received two orders advising him of his obligation to timely notify the Clerk of Court of any changes in his address; yet, he failed to abide by that directive. Moreover, since initiating this civil action in December 2017, Plaintiff has made no effort to check on the status of the case and has made only minimal effort to advance its prosecution. The only time Plaintiff participated in a case-related activity was to attend the initial status conference; however, that appearance required no energy on his part. Instead, the Court and the Western Regional Jail took the necessary steps to make Plaintiff available by videoconference. Since leaving the Western Regional Jail sometime last Spring, Plaintiff has faded into the wind. Thus, Plaintiff's failure to pursue his claims constitutes a case history of Plaintiff proceeding in a deliberately dilatory fashion.

This civil action has been pending on the court's docket for sixteen months, with a motion to dismiss pending for over five months. There has been no action taken by, nor communication from or with Plaintiff for nearly one year. Therefore, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff has now disregarded two court orders, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Finally, because Plaintiff's whereabouts are unknown, the Court is left with only two options: dismiss the case, or allow it to sit on the docket dormant. The latter option is patently unfair to the defendants.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's abrupt abandonment of his claim is unknown. Therefore, the

undersigned recommends that dismissal be without prejudice to account for the unlikely possibility that Plaintiff's dilatoriness is excusable and there is good cause and a basis to either reopen or reinstitute the claim.

### III.   Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Defendants' Motion to Dismiss and Supplemental Motion to Dismiss, (ECF Nos. 17, 20), be **GRANTED;** the complaint be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1.; and this action be removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such

objections shall be provided to the adverse party, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff at his last known address and counsel of record.

**DATED**:  April 16, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge